UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CR-515 RLW |
| ) | |
| ANDRE FERRELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Andre Ferrell's Motion to Continue His Trial Date (ECF No. 44). The jury trial of this case is set for October 10, 2023. The United States opposes the motion (ECF No. 47) and Defendant has filed a reply (ECF No. 48), so the motion is fully briefed.

Defendant asks to continue his trial for six months and toll the speedy trial clock. Defendant asserts that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial "because trial could be rendered moot." (Id. at 1.) In October 2022, Defendant pleaded guilty in state court to possessing both firearms that are the subject of the instant indictment charging felon in possession of one or more firearms in violation of 18 U.S.C. § 922(g)(1). Defendant entered into a post-plea agreement to complete drug court in the state which, if successful, "would potentially result in a suspended execution of sentence conviction for both firearm charges." (ECF No. 44 at 1.) Defendant expects to graduate from state drug court in approximately five months, and seeks a six-month continuance in order to trigger the United States Department of Justice's internal Petite policy, which he hopes will ultimately require dismissal of the federal case.

"The Petite policy, an internal policy of the Department of Justice, states that a federal prosecution should not be based on substantially the same acts as were the basis for a prior state

prosecution unless there is a compelling federal interest." United States v. Larsen, 427 F.3d 1091, 1094 (8th Cir. 2005) (citing Thompson v. United States, 444 U.S. 248, 248–49 n. 1 (1980) (per curiam)). "The policy . . . confers no substantive rights on a criminal defendant[.]" Id. (citing United States v. Leathers, 354 F.3d 955, 962 & 962 n.5 (8th Cir. 2004)). Application and waiver of the Petite policy are matters for the "exercise of prosecutorial discretion," and are "entrusted to the executive branch." United States v. Wallace, 578 F.2d 735, 740 (8th Cir. 1978).

The Government opposes Defendant's motion. First, it states that Defendant fails to cite any case in which a district court "forced the United States to delay trial and to wait and see whether an internal housekeeping policy that creates no enforceable rights for a criminal defendant will be triggered in hopes of foreclosing federal prosecution." (ECF No. 47 at 1.) Second, it states that the Petite policy has not been and may never be triggered in this case because Defendant's state sentence has yet to be imposed. It states that based on communications with the state prosecuting attorney, if Defendant successfully completes the state drug court, "his sentence could range from a dismissal of the case . . . , to a suspended imposition of sentence, to a suspended execution of sentence."[1] (Id. at 3.) Third, it states that even if the Petite policy is triggered, pursuing Defendant's federal case vindicates compelling federal interests because, among other things, he received post-plea drug diversion following his third weapon offense, while he was on probation for a crime of violence, and has "yet to receive a meaningful sentence from the state" despite a three prior felony offenses.

> The United States argues that continuing a federal trial
>
> to see if Mr. Farrell *may* successfully complete his state drug court program and be sentenced to the kind of sentence that *may* trigger the Petite Policy and then to force the Government to expend additional resources on that internal, discretionary matter in hopes that Mr. Farrell *may* have his federal case dismissed is not the kind of procedural maneuvering that would serve the ends of justice or that would

---

[1] It appears that only a suspended execution of sentence would trigger the Petite policy.

outweigh the best interest of the public or the defendant in a speedy trial as required to grant a continuance under 18 U.S.C. § 3161(h)(7)(A).

(ECF No. 47 at 4.)

The Court has carefully considered Defendant's arguments in support of his Motion and the Government's in opposition, and finds the Government's to be persuasive. Defendant's arguments, based on his state court proceedings and the Department of Justice's internal Petite policy, do not support a finding that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial under the circumstances of this case. The Court will deny Defendant's request for a six-month trial continuance.

Defendant moves in the alternative for a "more modest continuance to potentially prepare for trial." (ECF No. 44 at 11.) Defendant has filed a signed waiver of his Speedy Trial Act rights. (ECF No. 45.) The Court will grant a trial continuance of approximately 30 days, to its docket of November 13, 2023.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Andre Ferrell's Motion to Continue His Trial Date (ECF No. 44) is **DENIED** to the extent he seeks a six-month trial continuance, and **GRANTED** with respect to his alternative request for a brief continuance.

**IT IS FURTHER ORDERED** that the trial setting of October 10, 2023 is VACATED and this case is **reset** to the Court's jury trial docket of **November 13, 2023**, at **9:00 a.m.** in Courtroom 10-South.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of October, 2023.

3